We'll proceed to the fourth case, Delgado v. Lynch, Delgado v. Lynch. Mr. Thoman. Good morning, Your Honors, and may it please the Court. My name is Daniel Thoman. I represent the petitioner, Jesus Delgado-Arteaga. The petitioner raises three primary issues for review before Your Honors today. The first is that the Section 1228B of Title 8 of the U.S. Code does not allow the respondent to delegate the authority to issue removal orders and promulgate the implementing regulations. The second is that petitioner should have been permitted to seek asylum under AUSC 1158 in proceedings before the immigration judge. And the final argument is that the Board, the agency, did not follow its own procedures in adjudicating the petitioner's claims. Regarding the first argument, essentially what we argue is that the section at issue, 1228B, providing for expedited removal of certain aliens who have not been admitted to lawful permanent resident status and who have been convicted of aggravated felonies predates the creation of the Department of Homeland Security. The statute delegates the authority to issue these expedited removal orders to the Attorney General. This was not a problem prior to 2003 because the INS, the agency charged with enforcement and adjudication of immigration matters, was completely under the Attorney General. However, when the DHS was created as part of the Homeland Security Act, those functions were separated. The DHS was delegated authority over a broad set of immigration matters. However, not all of them. Section 1103A1 specifically provides that those powers and functions and duties conferred upon the Attorney General remain with the Attorney General. They were not actually parceled out to DHS. Now, in other parts of the statute, Congress resolved this. For example, in section 1225, providing for a different type of expedited removal, the statute explicitly states that an immigration officer may issue the actual removal order. But we don't have anything like that in 1228B. So while the expedited removal proceedings exist, and Congress clearly intended for certain aliens convicted of aggravated felonies to be removed expeditiously, that does not mean that the DHS has the authority to issue removal orders. In fact, the DHS is, of course, under different provisions of the law empowered to execute those orders and carry them out. But the issuance of the actual removal order has traditionally been within the purview of immigration judges. This is particularly important where the determination must be made on certain issues, such as whether an individual has, in fact, been convicted of an aggravated felony. And another way in which this is particularly relevant actually ties into the second argument regarding whether petitioners should have been permitted to apply for asylum. The barrier to an asylum application in petitioner's case is actually one of the regulations implementing the scheme to allow the DHS to carry out or to issue removal orders pursuant to section 1228B. There is a regulation providing for withholding only proceedings in the case of individuals such as petitioner who are subject to these expedited orders, but who nonetheless establish or express a fear of return to their country of origin. That regulation refers the case back following a reasonable fear interview to an immigration judge to adjudicate that application, but the regulation limits the immigration judge to only consider withholding of removal and relief under the Convention Against Torture. Why is that a problem? Your Honor, there is a significantly higher burden. Right, but why is this petitioner eligible for asylum, given the criminal history? Yes, thank you, Your Honor. Even if the conviction is under an aggravated felony provision, which I think that I unfortunately don't have supporting evidence that it's not, the bar to asylum within section 1158 refers not to individuals convicted of aggravated felonies, but to individuals who, having been convicted of a particularly serious crime, pose a danger to the community of the United States. The subsequent language does state that an individual convicted of an aggravated felony is considered convicted of a particularly serious crime, but the aggravated felony conviction in and of itself does not bar an application for asylum within the language of 1158. It sounds to me like those pieces all add up to your client is not eligible for asylum. What am I missing? Your Honor, the second part of that particularly serious crime restriction requires a finding that the individual be deemed to be a danger to the community of the United States, and in the petitioner's case, no adjudicator ever made that determination. It was never considered because the agency felt that he was ineligible to even apply for that relief. So in the offense, for example, in the case of petitioner, the criminal offense at issue, while the agency did consider whether the matter of YL criteria to remove it from the particularly serious crime realm had been met, the crime actually involved a single possession with intent of a very small quantity of cocaine, and the record shows that the conditions under which this offense was carried out was not such that it presented a danger. At least the matter should have been addressed as far as. Sounds like on those issues, though, you want us to revisit factual findings. Your Honor, what we are asking is that the case be sent back to the agency so that they may address the issue. In essence, they never considered him for asylum. They never made this determination because they simply thought he was ineligible. But if this court finds that he is actually eligible to apply for asylum. How would we find he's eligible without revisiting findings about whether the crime, for example, affected young people? Well, Your Honor, regarding that, this is tying into the third argument, really, about whether the agency followed his procedures. The threshold matter of whether he is eligible to apply for asylum at all is a separate legal question. Whether somebody convicted, not this petitioner in particular, but whether the type of conviction categorically bars him from applying for asylum under 1158. If this court finds that that is not the case, then it would be appropriate for the agency to revisit the issue of this particular petitioner and make the fact findings that are traditionally left to the agency as initial fact finder. So the threshold question of whether the aggravated felony conviction bars applying for asylum is really what allows this court to send the matter back for adjudication as far as the facts of this particular case. And this all goes back to the way in which Section 1228B is implemented. By taking the issuance of the order away from the immigration judges and transferring it to the Department of Homeland Security, that creates this path that petitioner was in where the case gets routed back to an immigration judge, but following a regulation that restricts the judge's ability to consider certain types of relief that he would otherwise be eligible for. So that is what we're asking this court to find, that individuals such as petitioner are not categorically barred from seeking asylum, and thus the matter should return to the agency for determination as far as this particular petitioner. Regarding the, for example, in the third argument, as Your Honor pointed out, the matter of the effect on juveniles, it does bear note, I think, that the most glaring part where the agency did not follow its own procedures in adjudication of this case was that the matter of YL factors, the board departed from what the immigration judge had found. So in essence, the petitioner was denied the relief sought, the immigration judge made certain specific findings regarding the six YL factors, and then the board went in a different direction and addressed other criteria that the IHA had never brought up. So I think that this deprives the petitioner of an opportunity to essentially reach a goal line that is moving by the agency, and I think that this is improper. If there are no further questions, Your Honors, I respect the reservation time. Thank you. Ms. Juarez? May it please the Court, Anna Juarez for Respondent Attorney General. Petitioner was convicted of a crime that categorically qualifies as a drug trafficking aggravated felony. Because he has no lawful status in the United States and has been convicted of an aggravated felony, the Department of Homeland Security properly initiated expedited removal proceedings in accordance with law and regulation. Petitioner was given all the process he was due under the statute and regulation and pursued the only relief that was available to him as an aggravated felon, which is withholding of removal and protection under the Convention Against Torture. Before this Court, he has not raised any meritorious legal or constitutional challenges to either his expedited removal order or the agency's denial of relief. As was argued previously, Congress enacted USC 1228B and gave the Attorney General authority to make regulations. As counsel noted, Congress enacted this law. It was first enacted in 1952, last amended in 1996, and at that time the INS was under the Attorney General. So under Congress's mandate, the Attorney General created the regulations and provided that INS service officers would both issue the intent to remove and issue the final order of expedited removal. Then in 2002, Congress created the Department of Homeland Security and transferred the functions of INS to the Department of Homeland Security. Congress didn't make any changes to this, to 1228, did not specify that immigration judges should be issuing removal orders. At no time have immigration judges issued the expedited removal orders. No court has ever found an issue with the expedited removal process. In September, the Tenth Circuit actually addressed the same arguments that the petitioner raised in Osana Gutierrez and also dismissed the arguments for the same reasons we are arguing here. Do you have a cite for that? I do. It's 838 F. 3rd, 1030. And it's Tenth Circuit. As we noted in our brief, Congress gave the choice of removing aggravated felons who are not lawful permanent residents, either in proceedings before an immigration judge or in the expedited removal process. Petitioner has received all the process that he was due in either proceeding. And as Your Honor noted, although what his main point in arguing this is that he would like to apply for asylum, he's not eligible for asylum as an aggravated felon, including under the 8 U.S.C. 1158, which governs the asylum application. An aggravated felony is a particularly serious crime. He is barred from asylum. And regarding the denial of his claim for relief, he's ineligible for withholding of removal on two dispositive grounds. So this court would have to find legal error on both grounds in order to send it back to the agency. The first is that he has not showed any legal or constitutional error with the agency's determination that he failed to show a clear probability of persecution on account of a protected ground. He hasn't challenged the agency's finding that he'd be singled out for persecution. And in his brief, he noted briefly that there was an incorrect pattern in practice analysis. However, he didn't expand on that. That would be a factual determination that the court wouldn't get to even if he had raised it today. And so that's a dispositive ground that the board cannot hold the agency's denial of withholding of removal on that ground alone. The second ground is that he is statutorily ineligible as a petitioner who's been convicted of an aggravated felony, which qualifies as a particularly serious crime. And what's important on this ground is that the immigration judge and the board both agreed that, let me back up, the attorney general, a matter of why all, stated that a drug trafficking aggravated felony, which is what he has been convicted of, is presumptively a particularly serious crime for withholding of removal purposes. And the attorney general in that case listed six factors and provided that an applicant needs to rebut all six factors, every single one. Both the immigration judge and the board agreed that he failed to rebut at least one of the factors, that he was only a peripheral part of the drug trafficking scheme. The agency found that he had held drugs for a couple of weeks and made the finding that he, therefore, was not only a peripheral part of the scheme. That's a factual finding again. Petitioner has not raised any legal or constitutional challenges to that finding. So, therefore, on that finding alone, the court could also uphold the second ground for denying withholding of removal. And if the court has no other questions for me? Ms. Juarez, I'm not sure I can formulate it clearly, but in your brief you tell us in the procedural history that Delgado requested that an immigration judge review the negative reasonable fear determination. And that DH then referred the case to an immigration judge. Correct. The immigration judge vacated the decision of the asylum officer, put Delgado in withholding only proceedings before an immigration judge. So, why does this dispute about whether it's the attorney general or DHS make any difference since apparently in the end an immigration judge under the supervision of the attorney general made these determinations? It doesn't make a difference. And he, in his case, and whether he would have been in removal proceedings before an immigration judge under 8 U.S.C. 1229 from the beginning, he would still be found to be an aggravated felon. He'd still only be allowed to pursue the withholding of removal of protection under CAT, and he could petition for review before this board and bring legal and constitutional challenges. And he's in the exact same position that he would be if under the 1228B proceedings. It was DHS that found him removable for an aggravated felony. In the first instance? In the first instance. And the immigration judge did not get to review that, but he still gets to raise any challenge to that before this court. And the immigration judge in the 1228 reviewed his application for withholding of removal, which is what the immigration judge would have done in 1229 proceedings. And is it correct that Mr. Delgado's removal proceedings have been strung out now over seven years?  Thank you. Thank you. Thank you, Ms. Quarles. Mr. Tillman? Thank you, Your Honors. I'd like to begin addressing the history of the case, as was just raised. It has been going for a while. This case began in proceedings under 1229 before an immigration judge in a non-detained setting. Then the Department of Homeland Security filed a motion to terminate those proceedings in 2010 in order to proceed pursuant to 1228B. They took no such action after the judge granted termination for several years. Actually, they did not detain him until essentially a week before that case was up for oral argument before this court. At that point, they took him in, and the proceedings proceeded under the DHS pursuant to 1228B. The difference in how he arrives before an IJ is that taking him through that 1228B process through the Department of Homeland Security makes him subject to the regulation that limits his available relief to withholding only. That regulation does not apply in proceedings under 1229A, so he would have been able to apply for asylum. I see that my time has expired. Thank you, Your Honors. Thank you, Mr. Tillman. Thank you, Ms. Quarles. The case is taken under advisement.